**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1518-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VASIL W. HEISLER,

     Defendant-Appellant.

_____

        Submitted May 29, 2019 – Decided June 28, 2019

        Before Judges Hoffman and Suter.

        On appeal from the Superior Court of New Jersey, Law Division, Burlington County and Mercer County, Indictment No. 08-01-0111.

        Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

        Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Randolph E. Mershon, III, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Vasil Heisler appeals from an October 17, 2017 Law Division order denying his petition for post-conviction relief (PCR). We affirm.

We set forth the facts surrounding defendant's conviction in our opinion on defendant's direct appeal. State v. Heisler, No. A-2238-12 (App. Div. July 23, 2015) (slip op.). In brief, Joshua Hahn, a detective for the Mercer County Sheriff's Office, witnessed an altercation involving defendant. As Det. Hahn approached, defendant "[raised] his hands up and stated [to Det. Hahn] . . . what the fuck are you [going to] do[?]" Det. Hahn responded, "I'm a sheriff's officer, calm down." He did not show a badge or identification and wore only "a pair of cargo shorts . . . and boots" as he was off duty.

Defendant briefly turned and walked away, but then turned back and began "bouncing around . . . like a boxing dance." He then struck Det. Hahn in the head with a "wooden handle revolver." Det. Hahn immediately ordered defendant to show his hands and get to the ground; instead, defendant shot Det. Hahn in the chest.

Police charged defendant with (1) criminal attempt to commit murder, first-degree, contrary to N.J.S.A. 2C:11-3; 2C:5-1; and 2C:2-6; (2) possession of a firearm for an unlawful purpose, second-degree, contrary to N.J.S.A. 2C:39-

4(a); and (3) unlawful possession of a weapon, third-degree, contrary to N.J.S.A. 2C:39-5(b). In January 2012, defendant was tried before a jury and found guilty on all counts. Defendant received an aggregate sentence of fifty-five years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

We affirmed defendant's conviction and sentence. State v. Heisler, slip op at 2. Our Supreme Court denied certification. State v. Heisler, 224 N.J. 244 (2016).

In September 2016, defendant filed a petition for PCR alleging his trial counsel performed ineffectively by failing to pursue a diminished capacity defense and for inducing defendant not to testify at his trial. The PCR judge denied defendant's petition in a written opinion.

On appeal, defendant raises the following arguments:

> POINT I - THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS, IN THAT TRIAL COUNSEL FAILED TO PURSUE A DIMINISHED CAPACITY DEFENSE AND INDUCED DEFENDANT NOT TO TESTIFY.
>
> A. Trial Counsel Failed To Pursue A Diminished Capacity Defense.

B.  Trial Counsel Induced Defendant Not
    To Testify.

POINT II - THIS MATTER MUST BE REMANDED
          FOR AN EVIDENTIARY HEARING
          BECAUSE DEFENDANT
          ESTABLISHED A PRIMA FACIE CASE
          OF APPELLATE AND PCR COUNSELS'
          INEFFECTIVENESS FOR FAILING TO
          PURSUE THE TRIAL COURT'S NOT
          EXPLORING DEFENDANT'S
          REQUEST FOR SELF-
          REPRESENTATION.
          (Not Raised Below).

II.

We utilize a two-prong test to evaluate claims of ineffective assistance of counsel.  State v. Fritz, 105 N.J. 42 (1987) (adopting Strickland v. Washington, 466 U.S. 668 (1984)).  To succeed, a defendant must establish both that: (1) counsel made errors so egregious as to not function effectively; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 687, 694.  The judge should grant an evidentiary hearing "if [the] defendant has presented a prima facie claim in support of post-conviction relief."  State v. Preciose, 129 N.J. 451, 462 (1992).

4

Although the judge "should view the facts in the light most favorable to the defendant," State v. Jones, 219 N.J. 298, 311 (2014), the "defendant must allege specific facts and evidence supporting his allegations," State v. Porter, 216 N.J. 343, 355 (2013), and "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). We review the decision of the PCR judge to forgo an evidentiary hearing de novo. State v. Harris, 181 N.J. 391, 421 (2004).

Defendant first argues counsel failed to investigate a defense of diminished capacity. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Porter, 216 N.J. at 353 (alteration in original) (quoting State v. Chew, 179 N.J. 186, 205 (2004)). Further, an attorney has a duty "to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty." State v. Russo, 333 N.J. Super. 119, 139 (App. Div. 2000).

Defendant claimed he had used alcohol and drugs "around [the] time of [the] incident" and had a "long-standing history of mental disease or defect." He claims this history "not only would have negated the 'intent' elements of [his]

A-1518-17T3

alleged crimes, but in the alternative, a showing of his mental illness or defect would have constituted a substantial mitigating factor . . . ."

However, defendant fails to identify any evidence he suffered from such impairments during the incident. Defendant has provided no certification, affidavit, or expert opinion as to how his problems affected him or would have prevented him from forming the requisite intent required to commit the alleged crimes. We therefore find defendant's claims amount to "bald assertions" of ineffective assistance that do not entitle him to an evidentiary hearing. Cummings, 321 N.J. Super. at 170.

Second, defendant argues his trial counsel wrongfully induced him into not testifying on his own behalf. Defendant's claims are factually unsupported. He does not say what would have been his testimony. He does not say that he would have even testified. Nor does he claim that counsel forced him not to testify or prevented him from testifying; his only argument is that counsel gave "bad advice" – a "warning not to testify lest [his own] prior convictions be admitted."

Further, the record shows the decision not to testify was made by defendant. During trial, the judge addressed defendant directly and he repeatedly stated he did not want to testify:

6

Q:      . . . . Do you understand you can give up the right to remain silent and you're allowed to testify and you can testify if that's what you want to do?

A:      Yes.

Q:      Do you understand if you choose to testify, you'd be subject to examination. Your attorney would ask you questions, the attorney for the State would ask you questions, and you'd have to answer all the questions that I ruled were permissible questions. Do you understand that?

A:      Yes.

        . . . .

Q:      Do you understand, we talked about this yesterday, there's some prior convictions and I've already determined the State would be able to bring those up during your cross-examination. Do you understand that?

A:      Yes.

        . . . .

Q:      Have you made a decision about whether you want to testify?

A:      Yes.

Q:      And what is your decision?

A:      I'm not going to testify.

Q:      Okay. Did you make that decision on your own?

A:    Yes.

Q:    That's your own decision, right?

A:    Yes.

Q:    Did anyone force you in any way to make you make that decision one way or the other?

A:    Well, the State kind of like, they, you know, they kind of outweighed everything else against me so, you know, it would be foolish for me to get up there and make a fool of myself.

Q:    So let me just make sure. So what you're saying based upon what the State has presented in this case, you've reviewed it with [your attorney], what they've presented and based upon that you feel you don't want to go on the stand?

A:    Yeah. It would be prejudicial toward me so I'd rather not.

Q:    I'm not putting words in your mouth when I gave that kind of summary?

A:    I'm putting words in my mouth.

The record reflects the trial court fully informed defendant of his right to testify, defendant consulted with counsel on the issue, and decided he would exercise his right not to take the stand. See State v. Savage, 120 N.J. 594, 631 (1990). The record reveals no basis for granting PCR.

Defendant also argues for the first time on appeal that he received ineffective assistance based on both appellate and PCR counsels' failure to pursue defendant's request for self-representation.

Initially, because defendant did not raise the issue below, we consider the argument waived as to appellate counsel. See R. 3:22-4. Likewise, an argument for ineffective assistance of PCR counsel is not ripe for appeal as the argument could not have been raised before the PCR court.

Nonetheless, the trial record demonstrates that the court adequately addressed defendant's application for self-representation.

> Q: Mr. Heisler, the last time as you were leaving you said you want to represent myself and I told you, you have to make an application and the way I viewed it, I viewed it as you were upset at the time you shouted that out, I couldn't decide whether you really meant that or that's just something you were angry and you said that and so I didn't rule upon that. I didn't say yeah, you can have your own attorney. You can represent yourself. I didn't say you had to stay with [your attorney]. I didn't rule upon it. I decided what you said, I didn't know if you meant it.
>
> A: There's no application for self-representation.
>
> Q: You're not making that application?
>
> A: No.

A-1518-17T3

Q: You're happy with [your attorney] representing you?

A: Yes.

Because defendant abandoned this argument at the trial level, neither appellate nor PCR counsel could have been deficient for failing to raise the argument, as it clearly lacks support in the record. See State v. O'Neal, 190 N.J. 601, 618-19 (2007) (attorney's performance cannot be deemed deficient for failing to raise a frivolous argument).

The record also fully supports the PCR judge's determination that defendant failed to establish a prima facie case of ineffective assistance of counsel, and that the existing record provided an adequate basis for resolution of defendant's claim. R. 3:22-10(b). Therefore, an evidentiary hearing was not required. See Jones, 219 N.J. at 311 (noting that an evidentiary hearing on a PCR petition is only required when the alleged facts, "when viewed in the light most favorable to [defendant], are sufficient to demonstrate a reasonable likelihood of success on [the] PCR claim").

To the extent we have not specifically addressed any of defendant's arguments, we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

A-1518-17T3

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1518-17T3